**Margaret A. BROWN, Lottie H. Gremillion, and Becky C. Saleme, Plaintiffs,**

v.

**MOBIL OIL CORPORATION, Defendant.**

No. 1:94–CV 0586.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 6, 1995.

David T. Lopez, David T. Lopez & Associates, Houston, TX, for plaintiffs.

James W. Hambright, Orgain Bell & Tucker, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Before this court is the Defendant's Motion for Summary Judgment and the Plaintiffs' Cross–Motion for Partial Summary Judgment. The three plaintiffs claim violations of Section 1981, Title VII of the 1964 Civil Rights Act, and the Age Discrimination in Employment Act. For the reasons stated below, this court finds that issues of material fact are in dispute regarding each of the claims asserted. This court DENIES both motions.

## BACKGROUND

The three female plaintiffs had been employed in the Employee Relations Department at Mobil's Beaumont refinery. In October 1992, the plaintiffs were advised that due to a business reorganization a number of jobs were to be eliminated in the Employee Relations Department. The three plaintiffs are racial minorities. Each was reassigned within the refinery. Each alleges that the defendant has intentionally promoted other individuals, on the basis of race, to positions which the plaintiffs are qualified to fill. Furthermore, Ms. Gremillion and Ms. Saleme allege age discrimination.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party is able to demonstrate that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

It is unnecessary for the movant to negate elements of the nonmovant's case. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 885–886, 110 S.Ct. 3177, 3187, 111

L.Ed.2d 695 (1990). The court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456–58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. However, this favorable presumption for the nonmovant exists only when the nonmovant presents an actual controversy of fact. *See Little v. Liquid Air, Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

## ANALYSIS

■ Clearly, in this case there are a large number of material issues of fact in controversy. The most salient of these issues concerns the relative qualifications of the candidates for the positions involved. Both the plaintiffs and the defendant have filed affidavits containing factual conclusions regarding the relative qualifications of candidates for various positions within the refinery. But they are, nonetheless, merely conclusions.

■ The legal issue which needs to be resolved at this stage of the litigation is an evidentiary one. Federal Rule of Civil Procedure 56 sets out the types of evidence which can be considered in a summary judgment ruling. The rule dictates that only reliable and admissible evidence enter into the analysis. This court agrees with plaintiffs' position in their Cross–Motion that the defendant's initial summary judgment brief cannot be considered as evidence in making this ruling. *See Friedel v. City of Madison,* 832 F.2d 965, 969–71 (7th Cir.1987). The fact that an employee at the refinery swears on information and belief that the facts in counsel's brief are true is not sufficient to make that document admissible evidence.

However, the routine EEOC right to sue determinations sent by letter for each of the individual plaintiffs (Defendant's Motion for Summary Judgment Exhibits A, B, C) coupled with the Mr. Mill's conclusory affidavit in the defendant's response brief do set forth defendant's position that neutral grounds exist for the hiring decisions at issue here. Furthermore, it is questionable whether the affidavits of the plaintiffs sufficiently establish personal knowledge as to some of the matters contained in the affidavits. Whether or not the plaintiffs have experienced discrimination is an issue for the trier of fact.